IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

IN RE:
RICHMOND CHRISTIAN CENTER,

    Debtor.

Bankruptcy Case
No.: 13-36312-KLP
Chapter 11

RICHMOND CHRISTIAN CENTER, by and through
FOUNDATION CAPITAL RESOURCES, INC.,

    Plaintiff,

v.

Adv. Proc. No._____

SP-FIVE PROPERTIES, LLC,
a Virginia limited liability company,

and

STEPHEN A. PARSON, JR.,

and

3620 COWARDIN, LLC,
a Virginia limited liability company,

    Defendants.

## COMPLAINT

The Debtor, Richmond Christian Center ("**RCC**" or the "**Debtor**") by and through Foundation Capital Resources, Inc. ("**Foundation Capital**"), by counsel, pursuant to 11 U.S.C. §§ 544(b), 548, and 550, and Rule 7001 of the Federal Rules of Bankruptcy Procedure, for its

Paul K. Campsen, Esq. (VSB No. 18133)
Dennis T. Lewandowski, Esq. (VSB No. 22232)
Kaufman & Canoles, a professional corporation
150 West Main Street, Suite 2100
Norfolk, VA 23510
Tele:   (757) 624-3000
Fax:   (757) 624-3169
*Proposed Counsel for Plaintiff*

Complaint against SP-Five Properties, LLC, a Virginia limited liability company ("**SP-Five**"), Stephen A. Parson, Jr. ("**Parson Jr.**"), and 3620 Cowardin, LLC ("**3620 Cowardin**") states as follows:

### Nature of the Case

In December of 2011, Parson Jr., the son of the Pastor of RCC, Stephen A. Parson, Sr. ("**Pastor Parson**"), acting in his fiduciary capacity as one of the Trustees of RCC, transferred seventeen (17) parcels of unencumbered real estate having an assessed value of over $1,000,000.00 (the "**Transferred Parcels**") to an entity owned and managed by Parson Jr. As a result, RCC essentially gave away $1,000,000 in real estate to the son of its Pastor and a Trustee, and received nothing in return. This transfer was a fraudulent and /or voluntary conveyance, and, by this Action, RCC, through Foundation Capital, seeks the return of this real estate to RCC or the value of such property.

### Jurisdiction and Venue

1. On November 22, 2013 RCC filed in this Court its current voluntary Chapter 11 bankruptcy petition as case number 13-36312-KLP ("**Case**"), at which time an order for relief was entered. At the present time RCC continues in possession of its property as a debtor in possession and a trustee has not been appointed.

2. This is an adversary proceeding brought in this Case by RCC, through Foundation Capital, pursuant to 11 U.S.C. §§ 544(b), 548, and 550. Therefore, it is a core proceeding as defined in 28 U.S.C. § 157(b)(2)(H).

3. This Court has jurisdiction over the subject matter raised in this Complaint pursuant to 28 U.S.C. § 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.   Foundation Capital has standing to prosecute this action on behalf of RCC pursuant to an Order Granting the Motion for Entry of an Order Granting Derivative Standing to Foundation Capital Resources, Inc. to Pursue Avoidance Action entered in this Case on May 19, 2014 (ECF Docket No. 62).

## Parties

5.   RCC is an unincorporated association, that acts through its trustees, and is the former owner of the Transferred Parcels.

6.   Foundation Capital is now, and at all times relevant to this controversy has been, a Georgia corporation, and at all times relevant to this Proceeding, was a creditor of RCC.

7.   SP-Five is a Virginia limited liability company, owned and managed by Parson Jr., and, until very recently, was the owner of the Transferred Parcels.

8.   3620 Cowardin is the purchaser of the Transferred Parcels pursuant to a recent purchase outlined in more detail below.

## Facts
### (The Indebtedness and the Balance Due)

9.   On or about September 23, 2005 Foundation Capital agreed to make a loan to RCC in the aggregate principal amount of Four Million Four Hundred Thousand and 00/100 Dollars ($4,400,000.00).  The loan is evidenced by an Adjustable Rate Secured Note ("**Note**") dated September 23, 2005 in the original principal amount of Four Million Four Hundred Thousand and 00/100 Dollars ($4,400,000.00) made, executed and delivered by RCC, through

3

the Trustees, payable to the order of Foundation Capital. A copy of the Note is attached as **Exhibit 1**.

10. RCC is, and continues to be, in default under the Note due to its failure to comply with its obligations under the Note, specifically, among other things, involving its failure to make the installment payments due under the Note.

11. The amount due under the Note is One Million Five Hundred Ninety Eight Thousand Nine Hundred Thirty Five and 53/100 Dollars ($1,598,935.53) in principal, plus accrued interest through November 22, 2013 in the amount of Two Hundred Fifty Eight Thousand Four Hundred Eighty Three and 45/100 Dollars ($258,483.45), with continuing interest accruing from November 23, 2013, until paid, at the rate of seven point six five percent (7.65%) per annum.

12. In addition to the amounts stated in the preceding paragraph, pursuant to the Note RCC is indebted to Foundation Capital for late charges of One Hundred Twenty Two Thousand Thirty Four and 21/100 Dollars ($122,034.21), plus other charges and fees in the amount of Thirty Eight Thousand Nine Hundred Seventy Nine and 54/100 Dollars ($38,979.54) and any additional reasonable attorneys' fees and costs of collection incurred.

13. Despite demand, the amounts due and owing under the Note remain justly due and owing by RCC to Foundation Capital, the current owner and holder of the Note.

### (The First Conveyance)

14. At various times on October 10, 1985, March 31, 1988, August 9, 1995, and September 25, 1996, the defendant RCC became the owner of one or more of the Transferred Parcels, located in the Manchester section of this City, and more particularly described in Exhibit A to the Deed attached hereto as **Exhibit 2**.

15. Pursuant to such Deed, on December 23, 2011, Pastor Parson, Parson Jr., and Rhonda D. Hickman, the three Trustees of RCC, conveyed the Transferred Parcels to SP-Five. The Deed was recorded in the Clerk's Office of the Circuit Court of the City of Richmond on December 27, 2011, as Instrument Number 11-21975.

16. SP-Five is an entity owned and managed by Parson Jr.

17. As indicated at the top of the Deed, the Transferred Parcels had a combined tax assessed value of $1,062,000 at the time of the transfer. However, as also stated at the top of the Deed, the consideration paid for the Transferred Parcels was $180,000 – a mere 17% of the tax assessed value.

18. Purportedly, the $180,000 consideration was the payment of the delinquent taxes on the Transferred Parcels. However, this consideration is illusory. RCC's loss of the Transferred Parcels through their conveyance, in return for the payment of delinquent taxes on property it would no longer own, constitutes no consideration at all.

### (The Second Conveyance)

19. From the inception of the Case, Foundation Capital has urged RCC to institute a fraudulent conveyance action against SP-Five to recover the Transferred Parcels. RCC refused to do so.

20. On April 16, 2014, counsel for Foundation Capital sent to the Debtor's counsel a draft of a motion for entry of an order granting standing to Foundation Capital Resources, Inc. to pursue avoidance action (**"Derivative Standing Motion"**) to be filed by Foundation Capital seeking a court order allowing Foundation Capital to file an action to recover the Transferred Parcels. The Debtor was given until April 21, 2014 to advise whether it would file the avoidance action and a *lis pendens* to preclude the conveyance of the Transferred Parcels. If the Debtor failed to timely respond or refused to file the action and the *lis pendens*, the Foundation Capital stated that it would file the Derivative Standing Motion.

21. On April 18, 2014, the Debtor was advised in writing that SP-Five was trying to sell the Transferred Parcels and that a sale to a third party may place the Transferred Parcels beyond the reach of the Bankruptcy Court. The Debtor was urged to take action to prevent the sale of the Transferred Parcels.

22. Notwithstanding the imminent conveyance of the Transferred Parcels by SP-Five, the Debtor stated that it would <u>not</u> file an avoidance action or *lis pendens* against SP-Five because SP-Five is really the son of Pastor Parson and a former trustee of the Debtor. The designated representative of the Debtor is Pastor Parson, who makes decisions on the Debtor's behalf. The Debtor agreed that Foundation Capital could file the Derivative Standing Motion

and, after the appropriate hearing and notice, hopefully convince the Bankruptcy Court to allow Foundation Capital to file an avoidance action. This procedure would result on delays of approximately three weeks, during which Parson Jr. could sell the Transferred Parcels and possibly place them beyond the Bankruptcy Court's reach.

23. On April 25, 2014, Foundation Capital filed the Derivative Standing Motion as ECF Docket No. 49. Thereafter on May 1, 2014, at the Bankruptcy Court's direction, Foundation Capital filed a notice of motion (ECF Docket No. 58) advising creditors and parties in interest that they had 10 days (or until May 12, 2014) within which to object to a consent order granting the Derivative Standing Motion. No objections were filed.

24. By a general warranty deed made as of May 1, 2014, and recorded on May 5, 2014 in the Richmond Circuit Court Clerk's Office, SP-Five conveyed the Transferred Parcels to 3620 Cowardin. The consideration was listed as $850,000, but the tax assessed value was listed at $1,282,000. SP-Five conveyed the Transferred Parcels for 66% of their assessed values at a time when an action was about to be filed to recover the Transferred Parcels from SP-Five. A copy of the deed is attached as **Exhibit 3**.

25. The timing of the above conveyance is suspect. For months, Pastor Parson, the Debtor's designated representative, resisted demands that he cause the Debtor to file an action to recover the Transferred Parcels from an entity owned by his son, Parson Jr.

26. Six (6) days after the Debtor agreed that Foundation Capital may bring the action and before the Bankruptcy Court is able to enter an order granting the Derivative Standing Motion, Parson Jr., the Debtor's former trustee, the son of the Debtor's designative representative

7

and managing member of SP-Five, conveyed the Transferred Property to a third party at a severe discount and pocketed the proceeds, all in an effort to escape the reach of the Bankruptcy Court and to the detriment of the Debtor and the Debtor's creditors.

## Count I
### (11 U.S.C. § 548(a)(1)(A))

27. RCC repeats and realleges the allegations of paragraphs 1-26, both inclusive, of this Complaint with the same force and effect as if realleged in full in this Count I.

28. The conveyance of the Transferred Parcels by RCC to SP-Five was a transfer of an interest of RCC in property, that was made within two years before the date of the filing of the Case, and was made by RCC with the actual intent to hinder, delay, or defraud creditors, including Foundation Capital, a creditor of RCC at the time of the transfer, as the transfer was made by RCC, through its Trustees, to an entity owned by one of those Trustees, Parson Jr., an insider of RCC.

## Count II
### (11 U.S.C. § 548(a)(1)(B))

29. RCC repeats and realleges the allegations of paragraphs 1-28, both inclusive, of this Complaint with the same force and effect as if realleged in full in this Count II.

30. The conveyance of the Transferred Parcels by RCC to SP-Five was a transfer of an interest of RCC in property, that was made within two years before the date of the filing of the Case, whereby RCC received less than reasonably equivalent value in exchange for such transfer, in that it received at most $180,000 in return for transferring property having a tax assessed value

of $1,062,000, and became insolvent on the date such transfer was made, because the remaining property of RCC had a value that was less than the amount of its debts.

### Count III
### (11 U.S.C. § 544(b) and Va. Code § 55-80)

31. RCC repeats and realleges the allegations of paragraphs 1-30, both inclusive, of this Complaint with the same force and effect as if realleged in full in this Count III.

32. The conveyance of the Transferred Parcels from RCC to SP-Five was made with the intent to delay, hinder, and defraud creditors of RCC, especially Foundation Capital.

33. SP-Five, through its owner and manager Parson Jr., knew at the time of the conveyance of the Transferred Parcels that such conveyance was made with the intent to delay, hinder, and defraud creditors of RCC, especially Foundation Capital since, among other things, Parson Jr. was a Trustee and insider of RCC, signed the Deed conveying the Transferred Parcels, and was the son of the Pastor Parson.

### Count IV
### (11 U.S.C. § 544(b) and Va. Code § 55-81)

34. RCC repeats and realleges the allegations of paragraphs 1-33, both inclusive, of this Complaint with the same force and effect as if realleged in full in this Count IV.

35. The conveyance of the Transferred Parcels from RCC to SP-Five was voluntary and without consideration.

36. SP-Five, through its owner and manager, Parson Jr., knew at the time of the conveyance of the Transferred Parcels that there was no consideration deemed valuable in law

9

for the conveyance, especially since Parson Jr. was a Trustee and insider of RCC, signed the Deed conveying the Transferred Parcels, and was the son of the Pastor of RCC, Pastor Parson.

WHEREFORE, Richmond Christian Center, by and through Foundation Capital Resources, Inc., prays that the conveyance of the Transferred Parcels by RCC to SP-Five Properties, LLC be declared null and void and set aside and, pursuant to 11 U.S.C. § 550(a): (1) that SP-Five be ordered to pay to RCC the value of the Transferred Parcels of at least $1,282,000; (2) that SP-Five be required to account to RCC for the proceeds or consideration thereof; (3) that 3620 Cowardin be ordered to convey and deliver us to RCC the Transferred Parcels or, if the Court so orders, that 3620 Cowardin be ordered to pay to RCC the value of the Transferred Parcels of at least $1,282,000; and (4) that Foundation Capital receive its reasonable attorneys' fee incurred herein and such other and further relief as may be appropriate in this Proceeding.

                                                      RICHMOND CHRISTIAN CENTER, by and
                                                      through FOUNDATION CAPITAL
                                                      RESOURCES, INC.

By: _____
     William A. Hunt, Jr., Esq.,
     Senior Vice President, Legal Services

_____
Paul K. Campsen, Esq. (VSB No. 18133)
Dennis T. Lewandowski, Esq. (VSB No. 22232)
Kaufman & Canoles, a professional corporation
150 West Main Street, Suite 2100
Norfolk, VA 23510
Tele:  (757) 624-3000
Fax:   (757) 624-3169
E-mail:  pkcampsen@kaufcan.com
         dtlewand@kaufcan.com
*Proposed Counsel for Plaintiff*

**STATE OF MISSOURI**
**AT LARGE, to-wit:**

The foregoing instrument was acknowledged before me in Springfield_____, Missouri, this 20th day of May, 2014, by William A. Hunt, Jr., Senior Vice President, Legal Services, of Foundation Capital Resources, Inc. He ☒ is personally known to me or ☐ has produced _____ as identification.

_____
Notary Public

My commission expires: 1-12-18

Registration No.: _____

SANDRA S. KOLSKY
Notary Public – Notary Seal
STATE OF MISSOURI
Greene County
My Commission Expires Jan. 12, 2018
Commission #13439975

13130388v2

11