## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

IN RE:
**RICHMOND CHRISTIAN CENTER,**

     **Debtor.**

**Bankruptcy Case
No.: 13-36312-KLP
Chapter 11**

---

**RICHMOND CHRISTIAN CENTER, by and through
FOUNDATION CAPITAL RESOURCES, INC.,**

     **Plaintiff,**

**v.**

**SP-FIVE PROPERTIES, LLC,
a Virginia limited liability company,**

**and**

**STEPHEN A. PARSON, JR.,**

**and**

**3620 COWARDIN, LLC,
a Virginia limited liability company,**

     **Defendants.**

**Adv. Proc. No. 14-03086-KLP**

### MOTION TO FILE PLEADING UNDER SEAL
### AND INCORPORATED MEMORANDUM

Richmond Christian Center ("**Debtor**"), by and through Foundation Capital Resources,

Inc. ("**Foundation Capital**"), by counsel and pursuant 11 U.S.C. § 107(b) and Federal Rule of

Bankruptcy Procedure 9018 moves the United States Bankruptcy Court for the Eastern District of

Paul K. Campsen, Esq. (VSB No. 18133)
Dennis T. Lewandowski, Esq. (VSB No. 22232)
Kaufman & Canoles, a professional corporation
150 West Main Street, Suite 2100
Norfolk, VA 23510
(757) 624-3000 – Telephone
(757) 624-3169 – Facsimile
*Proposed Counsel for the Plaintiff*

Virginia, Richmond Division ("**Bankruptcy Court**"), to enter an order allowing the Debtor, by and through Foundation Capital, to file a pleading under seal ("**Motion**"). In support of the Motion, the Debtor states as follows:

## I.    Procedural History

1.    On April 25, 2014, Foundation Capital filed a motion for entry of order granting standing to Foundation Capital Resources, Inc. to pursue avoidance action ("**Derivative Standing Motion**"), in which it sought authority to file an avoidance action to recover estate property that is described in the Derivative Standing Motion (ECF Docket No. 49).

2.    On May 19, 2014, the Bankruptcy Court entered an order granting the relief sought in the Derivative Standing Motion (ECF Docket No. 62).

3.    On May 20, 2014, the Debtor, by and through Foundation Capital, filed a complaint ("**Complaint**") to avoid a prepetition transfer by the Debtor and to recover the property transferred or the proceeds of the property transferred (ECF Docket No. 63 & AP ECF Docket No. 1).

4.    The Debtor, by and through Foundation Capital, wants to file a pleading ("**Pleading**") in connection with the Complaint that contains confidential information that if made public potentially would cause irreparable harm to the Debtor's estate and its creditors. Thus, the Debtor, by and through Foundation Capital, seeks to file the Pleading under seal.

2

## II.    Basis for Relief

5.    11 U.S.C. § 107(b) authorizes the Bankruptcy Court to issue orders to protect

entities from potential harm caused by the disclosure of certain information. In particular, section

107(b) provides that:

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy
> court's own motion, the bankruptcy court may – (1) protect an entity with respect
> to a trade secret or confidential research, development, or commercial
> information; or (2) protect a person with respect to scandalous or defamatory
> matter contained in a paper filed in a case under this title.

11 U.S.C. § 107(b)(1).

6.    In addition, pursuant to Rule 9018 of the Federal Rules of Bankruptcy Procedure:

> On motion or on its own initiative, with or without notice, the court may make
> any order which justice requires (1) to protect the estate or any entity in respect of
> a trade secret or other confidential research, development, or commercial
> information, (2) to protect any entity against scandalous or defamatory matter
> contained in any paper filed in a case under the Code
> . . . .

Fed. R. Bankr. P. 9018.

7.    In granting relief under § 107(b), "[t]he court determines whether the subject

documents fall within the provisions of § 107(b) and the appropriate remedies if they do." *In re

Barney's, Inc.*, 201 B.R. 703, 707 (Bankr. S.D.N.Y. 1996). If the documents in question fall

within the parameters of § 107(b), "the court is required to protect a requesting party and has no

discretion to deny the application." In re Orion Pictures Corp., 21 F.3d 24, 27 (2d Cir. 1994)

(emphasis in original); *see also In re Lomas Fin. Corp.*, No. 90 Civ. 7827 (LLS), 1991 WL

21231, at *2 (S.D.N.Y. Feb. 11, 1991) (noting the broad scope of the term "commercial

information"). Public access to the confidential record should be denied if "closure is essential to

preserve higher values and is narrowly tailored to serve that interest." *In re Washington Post Co.*,

3

807 F.2d 383, 390 (4th Cir. 1986) (quoting *Press-Enterprise I*, 464 U.S. 501, 510 (1984)); see also *In re Nunn*, 49 B.R. 963, 965 (Bankr. E.D. Va. 1985) (sealing customer list because allowing "a competitor access to [creditor's] customer list would obviously have an adverse effect on [creditor]").

8.      The allegations and relief set forth in the Pleading constitute confidential information, the open disclosure of which would cause irreparable harm to the Debtor's estate and its creditors.

9.      Pursuant to the Bankruptcy Court's CM/ECF Policy 6 -- Sealed Documents, revised as of November 21, 2011, copies of the Pleading will be provided in a sealed envelope for *in camera* review by the Bankruptcy Court.  The proposed order, which is attached, provides that upon entry, the documents ordered sealed will be filed by the Debtor, by and through Foundation Capital electronically, using the sealed document docketing event in the Bankruptcy Court's ECF system.

10.     The Debtor, by and through Foundation Capital, proposes to serve this Motion on all parties receiving this document electronically through the Bankruptcy Court's CM/ECF system and by mail to those not on the Bankruptcy Court's CM/ECF System.  The Debtor, by and through Foundation Capital, submits that, under the circumstances, no other or further notice of the Motion is required.

11.     This Motion incorporates a memorandum of law in the same document as provided for under Local Rule of Bankruptcy Procedure 9013-1(G)(1).

## III.    Conclusion

WHEREFORE, Debtor, by and through Foundation Capital, by counsel, requests that the

Bankruptcy Court enter an order in the form attached as **Exhibit A** and grant it such other and

further relief as the Bankruptcy Court deems appropriate.

Date:  May 21, 2014                         **RICHMOND CHRISTIAN CENTER, by and
through FOUNDATION CAPITAL
RESOURCES, INC.**

By____*/s/ Paul K. Campsen*_____
                                                        Proposed Counsel


Paul K. Campsen, Esq. (VSB No. 18133)
Dennis T. Lewandowski, Esq. (VSB No. 22232)
Kaufman & Canoles, a professional corporation
150 West Main Street, Suite 2100
Norfolk, VA  23510
Tele:    (757) 624-3000 – Telephone
Fax:     (757) 624-3169 – Facsimile
E-mail:  pkcampsen@kaufcan.com
              dtlwand@kaufcan.com
*Proposed Counsel for the Plaintiff*


### CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of May, 2014, a true and accurate copy of the
foregoing pleading was electronically filed with the Clerk of the United States Bankruptcy Court
for the Eastern District of Virginia, Richmond Division, using the CM/ECF system, which
thereby caused the above to be served electronically on all registered users of the ECF system
that have filed pleadings in this matter, and was also sent by first class United States Mail,
postage prepaid, to:

Kevin J. Funk, Esq.
DurretteCrump PLC
1111 East Main Street, 16th Floor
Richmond, VA  23219

Robert B. Van Arsdale, Assistant
 United States Trustee
Office of the United States Trustee
701 East Broad Street, Suite 4304
Richmond, VA  23219

To Those Parties Listed on **Schedule 1**

_____
/s/ Paul K. Campsen

13184217v1

## Schedule 1

BB&T Bankruptcy Section
Mailcode: 100-50-01-51
P.O. Box 1847
Wilson, NC 27894-1847

City of Richmond VA Real Estate
P.O. Box 105304
Atlanta, GA  30348-5304

City of Richmond – City Hall
Room 109 Delinquent Taxes
900 East Broad Street
Richmond VA  23219-1907

Comtel Security Services
8016 Staples Mill Road
Henrico, VA  23228-2713

City of Richmond – Stormwater
Department of Public Utilities
P.O. Box 75650
Baltimore, MD 21275-5650

First Equity Card Corp.
P.O. Box 23029
Columbus, GA  31902-3029

Dutton Equipment Repair, Inc.
163 Brandon Road
Richmond, VA  23224-1211

Internal Revenue Service
Centralized Insolvency Operations
P.O. Box 7346
Philadelphia, PA 19101-7346

M&T Bank
Legal Document Processing
1100 Wherle Drive
Williamsville, NY  14221-7748

SunTrust Bank
P.O. Box 305053
Nashville, TN  37230-5053

SunTrust Bank
Attn:  Support Services
P.O. Box 85092
Richmond, VA  23286-0001

BB AND T
P.O. BOX 1847
WILSON, NC  27894-1847

Allied Waste Service
P.O. Box 9001009
Louisville, KY  40290-1009

City of Richmond
Dept. of Public Utilities
P.O. Box 26060
Richmond, VA  23274-0001

Citibusiness
P.O. Box 6077
Sioux Falls, SD  57117-6077

City of Richmond
Dept. of Public Utilities
730 E. Broad St., 5th Floor
Richmond, VA  23219-1861

Department of Motor Vehicles
Adjudication Services
P.O. Box 37075
Washington, DC  20013-7075

Sawkal Communications, Inc.
843 Meadowbridge Road
Mechanicsville, VA  23116-0000

M&T Bank
P.O. Box 1508
Buffalo, NY 14240-1508

U.S. Treasury
Internal Revenue Service
Kansas City, MO  64999-0202

Virginia Department of Taxation
P.O. Box 2156
Richmond, VA  23218-2156

Utility Management Services, Inc.
P.O. Box 890134
Charlotte, NC  28289-0134

Verizon
P.O. Box 660720
Dallas, TX  75266-0720

WGGM-AM
4301 West Hundred Road
Chester, VA  23831-1959

13144403v1